# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

STEVEN MICHAEL LOOS,

    Plaintiff,

v.

WAYNE WESTLAND FEDERAL
CREDIT UNION and
REPOCAST.COM, INC.,

    Defendants.
_____/

Case No. 24-12839
Hon. Denise Page Hood

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [ECF NO. 28]

### I.  INTRODUCTION

Before the Court is Defendant Wayne Westland Federal Credit Union's ("WWF") motion to dismiss for lack of subject matter jurisdiction. [ECF No. 28]. Defendant Repocast.com, Inc. ("Repocast") filed a concurrence, incorporating the arguments and requests for relief of WWF. [ECF No. 29]. Plaintiff Steven Loos failed to file a written Response but appeared in person at the time and date set for hearing. For the reasons stated herein, Defendants' motion to dismiss is GRANTED.

### II.  BACKGROUND

Plaintiff brought suit in pro per before this Court based on federal question jurisdiction. [ECF No. 1, PageID.3]. Plaintiff alleges that "Title 12, 18, and 26 of the United States Code at Large, Uniform Commercial Code, All Acts Of Congress and Bill of Exchange Act of 1882" apply in this matter. *Id*. Plaintiff further alleges that WWF breached an agreement with Plaintiff by "refusing [Plaintiff's] contractual and lawful form of payment" and that the bank unlawfully repossessed Plaintiff's car through Repocast. *Id*. at PageID.5. Plaintiff requests that this court order the immediate return of his 2011 Ford F-150, order WWF to perform the Release of First Lien upon the Vehicle Certificate of Title, and award Plaintiff $10 million for the "cancellation of a very lucrative deal" Plaintiff claims to have lost because of the repossession, and $1 billion for the future value of the same deal. *Id*. at PageID.6.

Although both Defendants have filed Answers to Plaintiff's Complaint, they now seek dismissal of this matter arguing that this Court lacks subject matter jurisdiction. The Court agrees.

### III.  LAW AND ANALYSIS

"Federal Rule of Civil Procedure 12(h)(3) authorizes the court to dismiss an action 'at any time' for lack of subject-matter jurisdiction." *Anagonyebentley v. Vill. Cap. & Inv., LLC*, No. 20-10713, 2022 WL 193015, at *3 (E.D. Mich. Jan. 19, 2022); Fed. R. Civ. P. 12(h)(3). "A motion to dismiss brought under Rule 12(h)(3) is

2

analyzed in the same manner as a motion to dismiss for lack of subject-matter jurisdiction brought under Rule 12(b)(1)." *Id*. "[W]hen jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir. 1990).

The Court finds that Plaintiff has failed to establish federal question jurisdiction. Plaintiff's Complaint alleges that the issue before the Court is that WWF breached the parties' agreement by refusing to accept his payment, taking possession of the vehicle, and contracting Repocast to "aid and abet by holding [his] property." [ECF No. 1, PageID.5]. Plaintiff asserts that there is jurisdiction based on Titles 12, 18, and 26 of the United States Code and All Acts of Congress, however, Defendants correctly argue that neither the listed Titles nor All Acts of Congress allow for a private right of action. "[W]here the only basis for subject matter jurisdiction is a federal question, a private cause of action is also a prerequisite for jurisdiction." *Ormsby v. Duran*, Case No. 1:23-CV-12601; 2023 WL 9229134, *3 (E.D. Mich. Oct. 31, 2023), report and recommendation adopted, Case No. 1:23-CV-12601, 2023 WL 9229127 (E.D. Mich. Dec. 5, 2023), citing *Bailey v. Johnson*, 48 F.3d 965, 966-968 (6th Cir. 1995) (holding that the Court lacked federal question jurisdiction where the applicable statute did not create a private cause of action).

Plaintiff argued that he is not a citizen of the state of Michigan but only resides in Michigan. He further stated that he is a federal citizen and receives federal coupons, which serve as a valid form of payment in the United States. These arguments do not provide Plaintiff with a basis for bringing this contractual matter in federal court. Defendants' motion to dismiss is GRANTED.

The Court also finds that the Uniform Commercial Code does not provide Plaintiff with a cause of action in federal court. *Simpson v. Boydell Dev. Co.*, No. 22-10827, 2022 WL 1494372, at *1 (E.D. Mich. May 11, 2022) ("[t]he U.C.C. does not grant federal subject matter jurisdiction"). It is axiomatic that contracts are governed by state law and the UCC is not a federal statute, but a set of laws adopted by various states. Therefore, the UCC cannot provide this Court with jurisdiction over this strictly contractual matter and Defendants' motion to dismiss is GRANTED.

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [ECF No. 28] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed as to all Defendants;

IT IS FURTHER ORDERED that Defendants' Motions for Summary Judgment [ECF Nos. 36 and 37] are DENIED AS MOOT;

IT IS FURTHER ORDERED that the motion hearing set for September 10, 2025, is CANCELLED;

IT IS FURTHER ORDERED that this Order is the final disposition and closes the case.

SO ORDERED.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: July 24, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on July 24, 2025, by electronic and/or ordinary mail.